UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ROBERT DESHON COLEMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:19-cv-00107-JPH-MJD |
| ) | |
| DICK BROWN, ) | |
| ) | |
| Respondent. ) | |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Robert Coleman's petition for a writ of habeas corpus challenges his conviction in a prison disciplinary proceeding identified as WVS 18-09-0015. For the reasons explained in this Entry, Mr. Coleman's petition is **DENIED**.

**I. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II. The Disciplinary Proceeding

WVS 18-09-0015 began with the following conduct report, which Nurse L. Cupp wrote on September 18, 2018:

> On 9-18-18 at approx. 2245, I L. Cupp, RN, was passing meds on the B500 range of the SCU when offender Coleman # 179553 handed me a healthcare slip (attached) and exposed himself. At that time. I exited the wing. The healthcare slip was noted as inappropriate.

Dkt. 6-1. The conduct report refers to a healthcare request form that reads:

> Look I just wanted to let you know that I think you are an very wonderful and gorgeous person, an by looking at you I can tell you have potential, but I'm gone keep it real with you I dig you and would like to get to know who you really are with all do respect I mean no harm and for me to tell you how I feel is just the human thing to do. I hope that with me sharing my thought that you would really appreciate it. Thank you for your time

Dkt. 6-2.

Correctional Officer Wilden wrote a statement corroborating Nurse Cupp's report:

> On 9-18-18 I c/o Wilden did witness offender Coleman, Robert # 179383 Expose himself while handing Nurse Cupp a sick call slip on B-East cell 511 of the secured confinement unit at approximately 2245 hrs.

Dkt. 6-3.

On September 26, 2018, Mr. Coleman received a screening report notifying him that he had been charged with engaging in sexual conduct in violation of Code 216. Dkt. 6-4. Mr. Coleman was unable to sign or write on the screening report because his hands were restrained. *See id.* The screening report indicates that he did not request to call any witnesses or present any physical evidence in his defense. *Id.*

WVS 18-09-0015 proceeded to a disciplinary hearing on October 2, 2018. Dkt. 6-6. The hearing officer's report documents that Mr. Coleman made two statements: that he admitted to turning in the healthcare request form, and that Officer Wilden's statement should be discounted because it did not include his prisoner number. *Id.* The hearing officer found Mr. Coleman guilty

2

after considering the conduct report, Officer Wilden's statement, Mr. Coleman's statement, and the healthcare request slip. *Id.*

The hearing officer assessed sanctions. Specifically, he imposed, but suspended, a deprivation of earned credit time, and he enforced a previously suspended deprivation of earned credit time from an earlier disciplinary proceeding. *Id.* Mr. Coleman's administrative appeals were denied. Dkts. 6-7, 6-8.

### III. Analysis

Mr. Coleman argues that his disciplinary conviction is not supported by sufficient evidence. His petition also implies that he was wrongly denied video evidence of his interaction with Nurse Cupp. For the reasons discussed below, neither basis is sufficient for a writ of habeas corpus.

**A.     Sufficiency of the Evidence**

"[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is *any evidence* in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56 (emphasis added); *see also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted).

Code 216 prohibits the "[c]lutching, exposing, fondling, or touching of the offender's own intimate parts for the sexual arousal of the offender or others, whether clothed or unclothed, while

3

observable by others." Dkt. 6-9 at 5–6. Nurse Cupp's conduct report and Officer Wilden's witness statement are evidence that Mr. Coleman violated Code 216.

Nurse Cupp and Officer Wilden both documented that Mr. Coleman "exposed himself" while they were present outside his cell. *See* dkts. 6-1, 6-3. Their reports are evidence supporting a conclusion that Mr. Coleman exposed his intimate parts while observable by Nurse Cupp and Officer Wilden and that he did so for the purpose of sexually arousing himself or them. Under the lenient "some evidence" standard, this evidence justifies the hearing officer's finding of guilt.

Mr. Coleman takes issue with three specific aspects of the evidence against him, but none of these issues negates the conclusion that there is "some evidence" of his guilt.

### 1. Use of Wrong Prisoner Number

First, Mr. Coleman notes that Officer Wilden's statement identified him by the wrong prisoner number. Although true, this is not a basis for habeas relief. Officer Wilden identified Mr. Coleman by name and affirmed Nurse Cupp's statement that Mr. Coleman exposed himself. *See* dkt. 6-3. Officer Wilden's statement does not undermine the hearing officer's determination of guilt; it simply includes a clerical error. Moreover, even if the hearing officer discounted Officer Wilden's statement, Nurse Cupp's conduct report was "some evidence" of Mr. Coleman's guilt standing on its own. *See, e.g.*, *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("[T]he CAB relied on Fields' disciplinary report. That report alone provides 'some evidence' for the CAB's decision.").

### 2. Sufficiency of Healthcare Request Slip

Second, Mr. Coleman argues that the healthcare request slip was "insufficient" and "had nothing to do with the alleged incident." Dkt. 1 at 3.

4

To the extent Mr. Coleman argues that the healthcare request slip was insufficient evidence of sexual conduct, this argument is immaterial. The conduct report and witness statement discussed above were evidence that Mr. Coleman engaged in sexual conduct. The fact that the request slip was not sufficient evidence of his guilt all by itself does not nullify the fact that "some evidence" supports the hearing officer's conclusion. The hearing officer did not need the healthcare request slip to find Mr. Coleman guilty.

At the same time, the healthcare request slip was additional evidence of Mr. Coleman's guilt. Thus, to the extent Mr. Coleman argues that the request slip was irrelevant, he is mistaken. Nurse Cupp and Officer Wilden attested—and Mr. Coleman does not dispute—that Mr. Coleman gave the slip to Nurse Cupp at the time he allegedly exposed himself. Mr. Coleman's statement in the healthcare slip that he thought Nurse Cupp was a "gorgeous person" and that he "dug" her is evidence supporting the conclusion that Mr. Coleman exposed himself for the purpose of arousing himself or Nurse Cupp.

And to the extent Mr. Coleman argues that the healthcare request was incendiary or unfairly prejudicial, this is not a ground for habeas relief. None of the basic due process rights applicable to prison disciplinary proceedings made it improper for the hearing officer to view such evidence.

**3.     Video Evidence**

Finally, Mr. Coleman argues that video of his interaction with Nurse Cupp "does not show any awkward behavior or altercation" and that it shows that Officer Wilden never looked at him. Dkt. 1 at 3. As a starting point, it is not clear that the hearing officer reviewed video of this interaction, and neither party has presented video evidence to the Court. Nevertheless, even if the video showed exactly what Mr. Coleman suggests, it would not entitle him to habeas relief.

Mr. Coleman does not allege that video shows that he did not expose himself to Nurse Cupp. Rather, he alleges that the video does not show an adverse reaction by Nurse Cupp, and he implies that it would the credibility of Officer Wilden's report. But the Court may not "reweigh the evidence underlying the hearing officer's decision" or "look to see if other record evidence supports a contrary finding." *Rhoiney*, 723 F. App'x at 348 (citing *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000)).

### B. Denial of Video Evidence

Given Mr. Coleman's argument regarding what video evidence would show, *see* Part III(A)(3) above, and given that the record includes no reference to video evidence, the Court has considered whether the prison staff denied Mr. Coleman due process by wrongly denying him access to video of his interaction with Nurse Cupp. It did not.

As noted above, due process entitled Mr. Coleman to a limited opportunity to present evidence to an impartial decision-maker. *Hill*, 472 U.S. at 454; *Wolff* at 563–67. However, due process does not obligate the prison staff to provide a prisoner access to evidence he does not request before or during his disciplinary hearing. *Piggie v. McBride*, 277 F.3d 922, 925 (7th Cir. 2002) ("We agree that if Piggie failed to make such a request either before or at the hearing, then the CAB could not have denied him due process by not considering the request."); *Felder v. McBride*, 121 F. App'x 655, 657–58 (7th Cir. 2004) ("If Felder was denied the exculpatory videotape evidence when he asked for it at the hearing, or if he was not given a chance to request it beforehand, then his defense would have been impermissibly compromised.") (citing *Piggie*, 277 F.3d at 925). There is no indication that Mr. Coleman requested video evidence at screening,

during his hearing, or at any other point before the hearing officer rendered his verdict. *See* dkts. 6-4, 6-6.

Moreover, Mr. Coleman' due process rights extend only to "material exculpatory evidence." *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011). Evidence is exculpatory if it undermines or contradicts the finding of guilt, *see id.*, and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780–81 (7th Cir. 2008). As the petitioner, Mr. Coleman bears the burden of establishing that any evidence he was denied was material and exculpatory. *See Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003) (noting the petitioner did not "explain how [the requested witness's] testimony would have helped him" and thus "the district court properly denied relief" on the petitioner's claim that he was wrongfully denied a witness). Mr. Coleman has not carried this burden. As noted above, even if the video shows exactly what Mr. Coleman says it would show, it would only be evidence of Nurse Cupp's reaction to his conduct—not evidence showing whether or not he actually exposed himself. Therefore, the video would not undermine the hearing officer's decision or raise a reasonable probability of a different result.

### IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. Mr. Coleman's petition does not identify any arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions that entitles him to the relief he seeks. Accordingly, Mr. Coleman's petition for a writ of habeas corpus must be **DENIED** and the action **DISMISSED with prejudice.** Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 6/2/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

7

Distribution:

ROBERT DESHON COLEMAN
179553
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov